FILED
U.S. DISTRICT COURT
_____ DIV.
2011 JUL -1 AM 10: 29
CLERK_____R Cur_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JASON BATES, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: CV210-088 |
| AUDREY ANDERSON, Unit Counselor, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jason Bates ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a Complaint pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. Defendant Audrey Anderson ("Defendant") filed a Motion for Summary Judgment, and, after relevant pleadings were filed, the undersigned entered a Report and Recommendation on the issues raised. The Honorable Lisa Godbey Wood entered an Order adopting this Report as the opinion of the Court, leaving only Plaintiff's retaliation and nominal damages claims for the Court's consideration. Defendant has now filed a Motion to Dismiss Plaintiff's remaining claims, and Plaintiff has responded. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts Defendant removed him from a lower bunk and moved him to an upper bunk. Plaintiff alleges that Defendant assigned lower bunks to white individuals and assigned Plaintiff an upper bunk because he is black. Plaintiff states he attempted to pursue administrative remedies against Defendant, but was retaliated against with incident reports, verbal racial slurs, and "shakedowns."

Defendant contends that Plaintiff's retaliation claim should be dismissed because Plaintiff failed to exhaust his available administrative remedies regarding this claim.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a)

2

states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). According to these regulations, an inmate is required to seek an informal resolution of an issue. 28 C.FR. § 542.13(a). If an informal resolution cannot be had, the inmate can file a grievance with the Warden ("BP-9"), and the Warden has 20 days to respond. 28 C.F.R. § 542.14(a). "The inmate shall place a single complaint or a reasonable number of closely related issues on a single form." 28 C.F.R. § 542.14(c)(2). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director ("BP-10"). 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons ("BP-11"). Id. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2).

AO 72A
(Rev. 8/82)

A review of Plaintiff's administrative filings reveals that, while Plaintiff asserted that Defendant discriminated against him based on his race, Plaintiff failed to assert that Defendant retaliated against him in any way. In fact, the only mention of "retaliation" contained in the administrative filings is, inexplicably, in the Regional Director's Response to Plaintiff's appeal of the Warden's response.[1] (Doc. No. 21, p. 8; Doc. No. 35-1, p. 6). The undersigned recognizes that Plaintiff need not have used the word "retaliation" to have exhausted his administrative remedies; nevertheless, Plaintiff makes absolutely no mention in his administrative filings of Defendant's alleged actions which could be deemed retaliatory in nature. Plaintiff's retaliation claim is closely related to his discrimination claim; therefore, he should have stated any assertions regarding retaliation in the same administrative remedy request. Because he failed to do so, Plaintiff failed to exhaust his administrative remedies, which clearly were available to him, as to his claim that Defendant retaliated against him.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's retaliation claim be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED, this ___ 1st day of ~~June~~ July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The Regional Director stated that Plaintiff's requested relief in this appeal was "to be moved to a lower bunk and not be further retaliated and discriminated against." (Doc. No. 21, p. 8; Doc. No. 35-1, p. 6). The undersigned was unable to discern a retaliation claim upon his review of Plaintiff's appeal. Even if Plaintiff had made such a request in his appeal, however, he would have been unable to do so, as he failed to raised a retaliation claim in his original administrative filing. 28 C.F.R. § 542.15(b)(2).

AO 72A
(Rev. 8/82)